## DOAT v. MALTBY.

A new trial will not be granted on the affidavit of counsel of his ignorance of facts which were known to the party whom he represented before the commencement of the suit, but which were not communicated by him to his attorney, in consequence of the absence of the client from the State at the time of trial. *Per Curiam:* It was the business of the client to give proper information and instruction to his counsel.

To entitle a party to a new trial, on the ground of the discovery of important evidence since the trial, it must be shown that it could not have been obtained by due diligence before. C. P. 560.

APPEAL from the District Court of the First District, *Buchanan*, J. *Augustin*, for the plaintiff. *Haynes*, for the defendant. *Durant*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The only ground upon which the appellant asks the reversal of the judgment and this remanding of this cause is, that the application for a new trial, upon the ground of newly discovered evidence, should have been granted. A portion of the evidence stated in the affidavit for a new trial, involves facts within the knowledge of the party at or before the inception of the suit. The absence of the party from the State at the time of the trial, and the alleged ignorance on the part of his counsel of these facts, and of the names of the witnesses, afford no ground for relief. It was his business to have given the proper information and instructions to his counsel, before his departure. As to the rest of the evidence, the affidavit is defective, on the score of diligence. C. P. art. 560.

*Judgment affirmed.*