## Ex parte Travers.

The jurisdiction of the Supreme Court as to fines under $300 in amount, imposed by municipal corporations, is limited to cases in which the constitutionality or legality of the fine is contested.

RULE to show cause why a mandamus should not be issued to a justice of the peace in New Orleans. *J. M. Wolfe*, for the plaintiff in the rule. The judgment of the court was pronounced by

Slidell, J. This court having jurisdiction as to the constitutionality or legality only of fines imposed by municipal corporations, and it not appearing that such questions are proposed to be, or could be examined upon appeal in this case, (see *Third Municipality* v. *Blanc*, 1 An. 385,) it is therfore ordered that the application for a writ of mandamus in this case be dismissed, with costs to be paid by the applicant.*

## Kilgore et al. v. The Planters Bank of Mississippi.

An order of seizure and sale, issued prior to the stat. of 1 June, 1846, on a judgment rendered in another State, cannot be proceeded with since the promulgation of that statute. A rule taken subsequently to the statute on a garnishee to show cause why certain notes should not be delivered to the sheriff to be subjected to plaintiff's execution, must, consequently, be discharged.

APPEAL from the Fifth District Court of New Orleans. *Buchanan, J. Stockton* and *Steel*, for the appellants. *R. N.*, and *O. N. Ogden*, garnishees, *pro se.* The judgment of the court was pronounced by

Eustis, C. J. This appeal was taken by the plaintiffs from an order of the district judge, discharging a rule taken by them against the garnishees for the delivery of certain notes to the sheriff, to be subjected to the plaintiffs' execution. The plaintiffs suit was by executory process on a judgment rendered in another State, under articles 746 and 747 of the Code, and the judge considered the effect of the repeal of those articles by the act of June, 1846, upon the process which the plaintiffs endeavored to carry on after the repeal of those articles, and inclined to the opinion that there was no validity in the subsequent proceedings. The judge did not make his decision on this point.

We have since had the subject before us, and we came to the conclusion that, after the repealing act, no further proceedings were authorized in execution of a judgment rendered out of the State. *Scott* v. *Duke, ante*, p. 253.

*Judgment affirmed.*

---

*A similar rule taken by one *Crow*, was dismissed at the same time, and for the same reasons. R.