BOARD OF HEALTH OF LOUISIANA *v.* POOLEY, NIJOL & CO.

This suit was brought to recover the amount of certain drafts, drawn by the captains of certain schooners, for the inspection, at sundry times, of said vessels at the Rigolets, the Atchafalaya and the Mississippi river, during the time the quarantine regulations were inforced in the year 1855. The defence rests on the ground that the Act of March, 1855, p. 47, did not contemplate the payment of fees for the inspection of vessels at the Rigolets and the Atchafalaya river; that the Board of Health were only authorized by the statute to claim fees for the inspection of vessels in the Mississippi river, and that only one of said vessels was inspected in the Mississippi river, and for that defendants had deposited the money in court.

*By the court:* There is not drawn in question the *constitutionality* or *legality* of any tax, toll or impost whatsoever, or of any fine, forfeiture or penalty imposed by a municipal corporation, and the amount in controversy is under $300. The case is, therefore, not within the provisions of Art. 62 of the Constitution of 1852, which confers on this court its jurisdiction.

Conceding that the fee imposed by the Act of the Legislature is a tax, toll or impost, upon which no opinion is expressed, the only question this court can consider is the constitutionality of the laws or ordinances under which the tax, fine, toll or impost is levied, and not its application to the facts or the construction of such law by the inferior court.

The "fee" exacted of vessels undergoing inspection in time of quarantine, under the Act of 1855, is a tax. The question in this case is purely one of law, touching the legality of a tax, toll or impost, and as such this court is compelled to take jurisdiction of it, and to construe this law for the parties. SPOFFORD, J., dissenting.

The tax, toll or impost levied upon the defendants' vessels was a legal exaction. SPOFFORD, J., dissenting.

The "fees" claimed by plaintiff are sanctioned by law, and the law imposing them is constitutional. LEA, J., dissenting.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *H. D. Ogden*, for plaintiffs. *Mott & Frazer*, for defendants and appellants.

MERRICK, C. J. This suit is brought to recover of the defendants one hundred and five dollars, alleged to be due for certain drafts drawn by the captains of the schooners Southern, West Florida and Emma De Russy, for the inspection, at sundry times, of said vessels at the Rigolets, the Atchafalaya and the Mississippi river, during the time the quarantine regulations were inforced in the year 1855.

The defendants, by their answer, deny that they owe the plaintiffs anything except $15, which they aver they deposited in court. They deny that the Board of Health had any right to claim any fees or charges of defendants' vessel, and aver that the Act of the Legislature and the regulations of the Board of Health under which said claim is made are unconstitutional and illegal.

The defendants in this court rest the defence to the action on the ground that the Act of the Legislature of the 15th of March, 1855, did not contemplate the payment of fees for the inspection of vessels at the Rigolets and the Atchafalaya river; that the Board of Health were only authorized by the statute to claim fees for inspection in the Mississippi river, and that only one of their vessels was inspected in the Mississippi river, and for that inspection they have deposited the money in court.

We have no jurisdiction of this case. If the lower court has erred at all, it is in applying a law constitutional in itself to a case to which it was not applicable. Here, then, there is not drawn in question the *constitutionality* or

BOARD OF HEALTH *legality* of any tax, toll or impost whatsoever, or of any fine, forfeiture or
*v.* penalty *imposed* by a municipal corporation, and the amount in controversy is
POOLEY. under $300. The case is, therefore, not within the provisions of Article 62 of
the Constitution of 1852, which confers on this court its jurisdiction. Con-
ceding that the fee imposed by the Act of the Legislature is a tax, toll or im-
post, (upon which we express no opinion,) it has been settled by this court that
the only question which the court can consider is the constitutionality of the
law or ordinance under which the tax, fine, toll or impost is levied, and not the
application to the facts or construction of such law by the inferior court. In
the case of the *Third Municipality* v. *Blanc*, 1 An. 386, it is said :

"The concluding part of this Article of the Constitution limits the jurisdic-
tion of this court in criminal cases to questions of law, and the conclusion, that in
the case of a petty fine, a greater privilege should be held to be secured the
citizen than in a prosecution involving liberty or life, must rest on something
more definite than a mere implication.

"Another conclusive reason against adopting the interpretation of the clause
of the Article contended for by the counsel for the defendant is, that the deter-
minations of questions of fact which occur of this kind would be impossible
under the present organization of the court."

In the case of the *Second Municipality* v. *Corning*, 4 An. 407, the question
raised was the *construction* of an ordinance, precisely what is sought to be
done in the 'present case in regard to an Act of the Legislature. The court
said :

"The tax we find to be lawful. *Corning* has been condemned to pay a tax
which he did not owe; not that the tax itself was illegally imposed, but be-
cause *it did not apply to him.* The amount is not sufficient to enable this
court to take cognizance of the appeal ; the only decree we can make is to dis-
miss it."

These decisions were rendered prior to the adoption of the Constitution of
1852, and as the Constitution of 1852 adopts substantially the provisions of
the Article No. 63 of the Constitution of 1845, we must suppose it was the in-
tention of the framers of the Constitution to adopt, with the Article in ques-
tion, its judicial construction.

Again, if we have jurisdiction of the question of fact by which this law is
applied to the inspection of vessels at the Rigolets, we have jurisdiction of
every other fact and our jurisdiction is no longer confined in this class of cases
to the constitutionality or legality of the law or ordinance levying the tax, toll
or impost, but *extends to every question of fact* which may be raised in the
cause to which the statute may be applied.

It is, therefore, ordered, adjudged and decreed by the court, that the appeal
in this case be dismissed, and that the appellant pay the costs of the appeal.

LEA, J., dissenting. I think the fees claimed by the plaintiff are such as are
sanctioned by law, and that the law imposing them is constitutional. I am of
the opinion, therefore, that the judgment should be affirmed.

SPOFFORD, J., dissenting. Lord Coke's definition of a tax has been accepted
in this court on several occasions: "a burthen, charge, or imposition set on
persons or property for public uses; exactions to fill the public coffers for the
payment of the debt, and the promotion of the general welfare of the coun-
try."

The " fees" exacted from vessels undergoing inspection in the time of quar- antine, under the Act of March 15th, 1855 (p. 471), seem to come within the terms of Lord Coke's definition ; they are an imposition set on persons or property for public uses; for observe, they do not go to the resident physician as a compensation for his work ; in effect, they go to the State; the State established the quarantine not for the benefit of the quarantined vessels themselves, but for the benefit of the State at large, by guarding it against the importation of pestilence by the vessels. The officers employed receive fixed salaries from the State. The fees, through the machinery of the Board of Health, are expended for the public benefit under the supervision of the State, because they are required to be deposited in bank, and the statement thereof approved by the Auditor of Public Accounts. I see no analogy between such an imposition as this and the fees paid to notaries, &c., which are a compensation for services done to the party paying them, and go directly into the pocket of the party who renders the services.

The jurisdiction of this court extends to " ALL cases in which the constitutionality or *legality* of any *tax, toll, or impost, whatsoever*, shall be in contestation." Constitution, Art. 62.

The sole question presented by the appellant in this case is, the legality or or illegality of the fees exacted from vessels arriving at the Rigolets and Atchafalaya quarantine stations, and there inspected under the provisions of the Act of March 15th, 1855, entitled " an Act to establish Quarantine for the protection of the State." Sess. Acts, p. 471. It is conceded by the argument, that the law is constitutional.

The appellant contends, that this Act does not authorize the Board of Health to charge fees for the inspection of vessels quarantined at those two stations, but only upon such vessels as are inspected at the quarantine ground on the Mississippi river.

This is, to my mind, purely a question of law touching the legality of a tax, toll, or impost; and as such, I think, we are compelled to take jurisdiction of it, and to construe this law for the parties, irrespective of the amount in dispute between them.

By the seventh section of the Act in question, the quarantine stations of the Rigolets and the Atchafalaya, were established; but it was declared that the provisions of this Act should apply to the station at the Rigolets, only from the day of the issuing of the Governor's proclamation, as provided by section thirteen, and should continue in force there until suspended by a vote of two-thirds of the members of the Board of Health; and further, that the provisions of the Act should apply to and be enforced at the quarantine station on the Atchafalaya river, from the first of May to the first of November of each year, and also when the Governor shall have issued his proclamation as provided by the thirteenth section, and in such case should remain in full force until suspended by a resolution voted for by two-thirds of the members of the Board of Health.

I understand these provisions to extend the rule as to fees of inspection at the quarantine ground on the Mississippi river to the two stations at the Regolets and the Atchafalaya, whenever a quarantine is kept up there in pursuance of the Act. I therefore think the tax, toll or impost, levied upon the defendants' vessels, was a legal exaction, and that the judgment appealed from should be affirmed.