COOPER<br>v.<br>COTTON.

---

## The Mayor and Board of Selectmen of Baton Rouge *v.* James Malverhill.

Where the amount in controversy is less than three hundred dollars, the Supreme Court cannot look into the facts, to see whether the lower court has, or has not made a false application of a legal ordinance or a constitutional law ; all they can do in such a case, is to examine the legality or consti tutionality of the ordinance, or the constitutionality of the statute under which a tax or impost, or municipal fine has been imposed.

APPEAL from the Mayor's Court of the City of Baton Rouge, *Elam, J.*

*J. W. Burgess,* for plaintiff. *A. S. Herron,* for defendant and appellant.

MERRICK, C. J. The defendant has been fined fifty dollars by the Mayor of said city, " for selling and retailing liquors without a license."

The defendant excepted to the jurisdiction of the Mayor's court on the ground. that he could only be prosecuted by indictment or information, and that'he is entitled to a trial by jury, and that all Acts of the Legislature vesting the Mayor's court with jurisdiction in such cases, are in violation of Art. 103 of the Constitution of the State of Louisiana.

There is also a bill of exception to the ruling of the Mayor's court in admitting in evidence a judgement in another suit vacating the defendant's license.

The case in this court has been argued on the question, whether the Mayor had power to try the accused without the intervention of a jury.

It has been settled, by repeated decisions, that where a case involves less than three hundred dollars in controversy, this court cannot look into the facts in order to decide whether the lower court has, or has not, made a false application of a legal ordinance or a constitutional law. That all this court can do in such case, is to examine the legality or constitutionality of the ordinance, or the constitutionality of the statute under which the tax, toll, or impost or municipal fine, forfeiture or penalty, has been imposed, See *Board of Health* v. *Pooley, Nicol & Co.,* 11 An. 743 ; *Police Jury* v. *Villaviabo,* 12 An. 788 ; *State* v. *Third Justice of the Peace,* 12 An. 789.

Looking to the record for our guide as to the question decided by the lower court, we find the only question raised in this case, is in regard to the constitutionality of the Act of 18th of March, 1856, as affected by Article 103 of the Constitution, and when we come to consider the Act of the Legislature in connection with the Article of the Constitution, which it is alleged it violates, we find that it raised only a question of jurisdiction and practice. The matter in

BATON ROUGE   dispute being under three hundred dollars, is not within our jurisdiction.   Art.
*v.*
MALVERHILL.   Const. 62 ; Acts of 1856, p. 90.

It is, therefore, ordered, adjudged and decreed by the court, that the appeal in
this case be dismissed, at the costs of the appellant.

LAND, J., absent.