(43 South. 395.)

No. 16,317.

TOWN OF MINDEN v. CRICHTON.

(March 4, 1907. Rehearing Denied April 1, 1907.)

1. MUNICIPAL CORPORATIONS—ORDINANCE LEGAL.

The legality and constitutionality of the municipal ordinance of the town of Minden is not questioned.

2. COURTS—SUPREME COURT—JURISDICTION.

The Supreme Court has jurisdiction where the constitutionality of a municipal ordinance is at issue under which a fine has been imposed, but not of a question exclusively of fact.

3. SAME—TREND OF DECISIONS.

As regards the particular clause in question—that is, the fine or penalty imposed—there is a construction of a contemporaneous character. It limits jurisdiction to the legality and constitutionality of the ordinance. New Orleans v. Blanc, 1 La. Ann. 385. "The Supreme Court has no jurisdiction as to the mode of the procedure." Id.: Albert v. Brewer, 9 La. Ann. 65; Geale v. Recorder, 30 La. Ann. 451; Gibbs v. Atkins, 34 South. 411, 110 La. 197; Town of Ruston v. Monroe Fountain (recently decided) 42 South. 644, ante, p. 53.

(Syllabus by the Court.)

Appeal from Mayor's Court, Town of Minden; W. H. Webb, Judge.

R. P. Crichton was fined for failure to pay road tax, and appeals. Dismissed.

David Blackshear, Thomas Gilmore, and Robert Lewis Knox, for appellant. C. E. McDonald, Town Atty., for appellee.

BREAUX, C. J. We are informed by the record that some time during the summer of last year appellant refused to work on the streets of the town of Minden. He also refused to pay a commutative fee of $1.50, which the law authorizes to be paid in lieu of work demanded on the road.

He was brought before the mayor, and tried and condemned to pay a fine of $5 and costs.

From the judgment imposing that fine he appealed.

### Motion to Dismiss the Appeal.

The town of Minden, appellee, through her counsel, moved to dismiss the appeal on the ground and for the reason that this court is without jurisdiction.

The ordinance of the town directs, as authorized by statute, that all male persons between the ages of 18 and 50 years shall be subject to road duty, except, among others, "teachers and their pupils while engaged in the dispensation of their scholastic education."

The number of days' work done by those subject to the law are six annually.

It is made to appear by an agreement that the appellant, at the time that he was called upon to work on the streets, was a student of law at the Harvard Law School. He had returned home for his vacation.

As a starting point of the discussion, we may as well repeat here, that which is clearly laid down in the article of the Constitution on the subject, that the Supreme Court has jurisdiction where any fine, forfeiture, or penalty imposed by a municipality is in contestation.

In this instance the ordinance is not directly attacked, nor the right of the town to its enforcement denied. The only question involved is whether defendant is exempt, as he claims.

Questions relating to the collection of a tax or a license are not entirely similar to questions which arise where defendant claims exemption from the penalty imposed under a penal ordinance. There are two clauses of Const. art. 85; one following the other, not, however, so intimately connected that they cannot be considered separately.

One relates to all suits in which the constitutionality or legality of any tax, toll, or impost whatever is imposed. The other clause embraces cases in which fines, forfeitures, or penalties are imposed by a municipal corporation.

As regards the first provision, that relating to "tax, toll or impost whatever," the appeal on the law and the facts shall be taken to the Supreme Court. Facts needful to a decision have been considered. Exemptions have been decreed.

As regards the second provision, that relating to a penalty imposed by a municipal corporation, it is necessary to adhere to the terms of the Constitution. Facts are considered as regards the illegality or unconstitutionality of a municipal ordinance, and not as regards the application of the ordinance or the manner of the execution, which does not involve the unconstitutionality or illegality of the ordinance.

Special reliance is placed upon State v. Rosenstream, Weiss & Co., 52 La. Ann. 2126, 28 South. 294. The facts are not entirely similar. We have no desire to overrule the decision in which an immediate predecessor was the organ of the court. But if it is in the way, and if it cannot stand the test of the decisions to which we will refer in a moment and which we think are controlling, it will have to suffer the fate of other decisions that may not be entirely in harmony with jurisprudence.

As a preliminary to our special reference to the decisions which we think are controlling, we cite article 61 of the Constitution of 1852, article 74 of 1868, article 81 of 1879, and article 85 of 1898. They are the same on the particular point here involved as regards the appellate jurisdiction of the Supreme Court.

We take as pertinent the following from the article:

"And all cases in which the constitutionality or legality of any tax, toll or impost whatever or any fine, forfeiture or penalty, imposed by a municipal corporation shall be in contestation."

Const. 1845, art. 63, on the same subject-matter was substantially the same. The only difference consisted in the use of the words "and likewise" in the Constitution of 1845, to which "or" has been substituted in all Constitutions of subsequent dates.

This premise cannot be denied with any degree of reason. It has been expressly passed upon, and the point clearly decided. We quote:

"These decisions [referring to Third Municipality of New Orleans v. Hazelbach, 1 La. Ann. 386, Second Municipality v. Corning et al., 4 La. Ann. 407] were rendered prior to the adoption of the Constitution of 1852, and as the Constitution of 1852 adopts substantially the provisions of the article No. 63 of the Constitution of 1845, we must suppose it was the intention of the framers of the Constitution to adopt with the article in question its judicial

construction." Board of Health v. Pooley, 11 La. Ann. 744.

In construing this article in case of Municipality v. Blanc, 1 La. Ann. 385, the court said:

"It would be difficult to assign a reasonable cause which. should subject these two clauses of the Constitution to an entirely different operation, and require from the appellate court, in case of a tax, toll, or impost, however extortionately or unjustly applied, to confine itself to the question of its legality or constitutionality, without giving the party aggrieved any other relief than the decisions on these points would afford, and in case of a fine or penalty enable the same court to take cognizance of and decide upon the whole merits of the case."

The whole decision contains an interesting interpretation of the article. It is expressed in the terse and clear style of the learned Eustis. It is a beacon light in jurisprudence on the particular subject here involved. One of the results of that decision was that in 1852 the framers of the Constitution amended slightly the article in question, so as to bring the article within the letter of the interpretation laid down in the decision.

In interpreting the Constitution of 1879, the court again had occasion to construe the clause in the Constitution which now engages our attention. It adhered to prior jurisprudence as above cited, and especially reaffirmed the decision from which we have just quoted. The court expressly reaffirmed New Orleans v. Blanc, 1 La. Ann. 385, and Ex parte Travers, 3 La. Ann. 693.

See State ex rel. Geale v. Recorder, 30 La. Ann. 451, and the decision in Gillis & Kennett v. Assessors, 33 La. Ann. 286.

In all of the decisions to which we have referred it is held that the right of appeal lies where a tax itself, or penalty, or fine, is illegally imposed, but that this court has no jurisdiction where the ordinance does not apply to the appellant.

"This court has no jurisdiction as to the mode of procedure." Albert v. Brewer, 9 La. Ann. 65; State v. Rebassa, 9 La. Ann. 305.

Again we quote from Municipality v. Peas, 2 La. Ann. 583 (syllabus):

"In appeals from decisions of justices of the peace, in cases involving the constitutionality or legality of a municipal ordinance imposing any tax or impost, the power of the court is limited to the question of the constitutionality or legality of the ordinance. Const. art. 63."

The article was re-enacted as part of the Constitution of 1898 with that interpretation.

See said decision regarding the effect of the re-enactment, and see, also, Benedict v. New Orleans, 115 La. 645, 39 South. 792.

Recently the defendant and appellant was charged with having violated an ordinance of the town of Ruston, and fined. This court dismissed the appeal, saying: "Our appellate jurisdiction is confined to an examination into and a determination of the alleged illegality or constitutionality of the ordinance"—and cited the following pertinent decisions with approval: State v. Callac, 45 La. Ann. 27, 12 South. 119; State v. Marshall, 47 La. Ann. 646, 17 South. 202; State v. Zurich, 49 La. Ann. 447, 21 South. 977; State v. Hohn, 50 La. Ann. 432, 23 South. 966; State v. Faber, 50 La. Ann. 952, 24 South. 662; Gibbs v. Atkins, 110 La. 197, 34 South. 411.

As the question is before us, it is a question of fact. The defendant's plea is limited to the one question, exemption vel non. He was found liable. He is not exempt, as the court found.

It is therefore ordered, adjudged, and decreed that the appeal is dismissed at appellant's cost.


NICHOLLS, J. There is no question involved in this case of a tax, toll, or impost, and there is no attack upon the power or authority of the town of Minden.


MONROE, J. I concur in the decree.

See concurring opinion of PROVOSTY, J., 43 South. 396.