(64 South. 229.)

No. 20,265.

CITY OF NEW ORLEANS v. WILLIAMS.

(Jan. 19, 1914.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—SUPREME COURT—JURISDICTION.

 Article 85 of the Constitution of 1898 vests the Supreme Court with appellate jurisdiction in all cases where the constitutionality or legality of "any fine, forfeiture or penalty imposed by a municipal corporation shall be in contestation, whatever be the amount thereof." Under this clause, the jurisdiction of the Supreme Court is limited to the constitutionality or legality of the ordinance under which the fine, forfeiture, or penalty was imposed, and does not extend to other issues, such as the jurisdiction of the court below or the legality of the proceedings.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. § 224.*]

Appeal from Fourth Recorder's Court (Night Court) of City of New Orleans; Joseph Batt, Judge.

Sam Williams, alias Onion, was convicted of violating an ordinance of the City of New Orleans, and appeals. Dismissed.

P. C. Lassalle, of New Orleans, for appellant. I. D. Moore, City Atty., and John J. Reilley, Asst. City Atty., both of New Orleans, for appellee.

LAND, J. The defendant was prosecuted under certain city ordinances relative to disturbing the peace, using obscene language, and resisting arrest.

The defendant demurred on the ground that section 15 of ordinance No. 1 Commission Council Series, defining the territorial jurisdiction of the court below, and fixing the time and hours of holding its sessions, is illegal, null, void, and unconstitutional for various and sundry reasons. The demurrer was overruled, and the defendant was tried, convicted, and sentenced to pay a fine of $25, or in default thereof to serve 30 days in the parish prison. Defendant appealed.

The Supreme Court has no appellate jurisdiction over recorders' courts except in "cases in which the constitutionality or legality of any tax, toll or impost whatever, or any fine, forfeiture or penalty, imposed by a municipal corporation shall be in contestation, whatever may be the amount thereof 'and' cases wherein an ordinance of a municipal corporation * * * has been declared unconstitutional." Const. 1898, art. 85. The Supreme Court evidently has no jurisdiction under the first and last clauses of the article as above quoted. The second clause applies to cases in which the constitutionality or legality of a fine, forfeiture, or penalty imposed by a municipal corporation shall be in contestation. Is this such a case?

It is to be noted that the demurrer does not assail the legality or constitutionality of the ordinances under which the fine was imposed.

In Mayor, etc., of Baton Rouge v. Malverhill, 15 La. Ann. 215, the defendant was fined $50 by the mayor for selling and retailing liquors without a license. It appears that the defendant excepted to the jurisdiction of the mayor's court on the ground that he only could be prosecuted by

indictment or information, and that he was entitled to a trial by jury, and that all acts of the Legislature vesting the mayor's court with jurisdiction were in violation of article 103 of the Constitution of the state of Louisiana.

The Supreme Court dismissed the appeal, saying:

"That all this court can do in such a case is to examine the legality or constitutionality of the ordinance, or the constitutionality of the statute under which the tax, toll, or impost or municipal fine, forfeiture, or penalty, has been imposed. See Board of Health v. Pooley, Nicol & Co., 11 La. Ann. 743; Police Jury v. Villaviabo, 12 La. Ann. 788; State v. Third Justice of the Peace, 12 La. Ann. 789."

This decision is in accord with prior jurisprudence on the same subject-matter. See Hennen's Digest, vol. 1, pp. 39 and 40. In one of the cases the only question raised was as to the constitutionality of investing judicial power in the officer who rendered the judgment, and the Supreme Court declined to assume jurisdiction. See Donaldsonville v. Richard, 4 La. Ann. 83.

Where a municipal fine or penalty is imposed, the jurisdiction of the Supreme Court is limited to the legality or constitutionality of the ordinance. Town of Minden v. Crichton, 118 La. 747, 43 South. 395.

We are therefore constrained to dismiss this appeal on our own motion, and it is so ordered.