On the Merits.
[1] The plaintiff, a taxpayer of Gretna, complained that the mayor and aldermen of that city, -acting under the authority of section 35 of Act No. 136 of 1898,-had, several months after the completion of the state- and parish assessment for the year 1914, raised the assessment of the plaintiff and lowered the assessments of certain other taxpayers of said municipality. The plaintiff alleged that said section violated that part of article 225 of the Constitution reading:
“The valuations put upon property for the purposes of state taxation shall be taken as the proper valuation for the purposes of local taxation, in every subdivision of the state.”
Plaintiff sued out an injunction to restrain the collection of taxes on the assessments aforesaid, and prayed for a mandamus to compel the municipal tax collector to receive and collect the city taxes on the valuations of property as fixed for the purposes of state taxation.
The defendants pleaded a number of exceptions, which were overruled, and judgment was rendered in favor of the plaintiff on the face of the papers. Defendants have appealed.
The city of Gretna has waived all other issues, and has submitted the case on the question of the constitutionality of section 35 of Act No. 136 of 1S9S.
Counsel for other defendants say in their brief that plaintiff’s petition presents “one issue alone,” and that is the constitutionality vel non of said section. The same counsel, however, complain of the action of the judge below in rendering a final judgment in the case “without giving the defendants an opportunity to answer to the merits or inquire into the verity of the allegations of the petition on matters of fact.”
Our jurisdiction in this case is limited to the question of the constitutionality of section 35 of Act No. 136 of 1898. See City of New Orleans v. Williams, 134 La. 421, 64 South. 229, and eases therein cited.
Article 225 of the Constitution of 189S, after laying down certain rules relating to *313 taxation and the assessment of property, concludes as follows:
“The valuations 'put upon property for the purposes of state taxation shall be taken as the proper valuation for purposes of local taxation, in every subdivision of the state.”
Act No. 170 of 1898, to provide an annual revenue for the state, directs the assessment of all property subject to taxation, and the manner in which lots in cities, towns, and villages shall be designated on the lists. Section 8 of the act provides that:
“If there be any incorporated village, town or city in any parish, parish of Orleans excepted, the lists of property therein shall be taken up separately by the assessor, after the remainder of the ward in which it is situated is disposed •of, and shall be completed alphabetically.”
Under this section, the state assessor is required to make a separate and complete assessment of every lot in the city of Gretna, and under article 225 of the Constitution the valuations of such property for state taxation must be taken as the proper valuations for municipal taxation.
In the same year, the Legislature enacted Act No. 136 of 1898 for the creation and government of municipal corporations throughout the state, etc. Section 15 of this act empowers municipalities to levy .and collect taxes on all taxable property within their corporate limits, and provides that the valuation of such property shall be taken from the assessment rolls of the parish.” Section 35 of the same act reads in part as follows:
“That the municipal assessment of property for taxation shall be made by the clerk or tax collector, .by copying from the parish assessment rolls that portion thereof which embraces prop-erty or persons within the corporate limits; the copy may be made at any time after the assessment rolls are approved, and all changes in the parish assessment thereafter made shall likewise be made in the copy; and the said copy shall be placed in the hands of the municipal tax collector, and be his warrant for the collection of municipal taxes. In all Cases where persons or property have escaped taxation for .a' previous year, the clerk shall assess the same for taxation, and his assessment, when approved by the mayor and board of aldermen, on notice to the persons, assessed, shall be binding and conclusive, unless appealed from within five days after his approval. The mayor and board of aldermen of a city, town, or village, may, at a regular or special meeting, to be held in September or October in each year, increase or diminish the valuation of property as assessed for taxation. Ten days’ notice of the meeting at which such changes are to be made shall be given by posting written notices thereof in five or more public places in the municipality, and in cities the notice shall also be published in a newspaper, if there be one published therein.”
The first paragraph of the section is in accord with article 225 of the Constitution of 1898, and with section 15, supra, as it adopts the assessments made for the purposes of state taxation. The third paragraph of the section, however, confers on the mayor and board of aldermen the power to “increase or diminish the valuation of property as assessed for taxation,” and, as argued by defendant’s counsel, makes such mayor and aldermen the final board of review as to all taxable property within the municipal limits.
The third paragraph of the section, as thus construed, violates that part of article 225 of the Constitution of 1898, which declares that the valuations for the purposes of state taxation “shall be taken as the proper valuation for purposes of local taxation.” This proposition is too plain for serious dispute, as said paragraph authorizes municipalities to increase or decrease valuations made by state officers for state purposes.
The organic law must control, and any law or ordinance to the contrary is utterly null and void.
We affirm the judgment on the issue of constitutionality.
Judgment affirmed.