State vs. Marshall.

No. 11,726.

STATE OF LOUISIANA VS. CHARLES MARSHALL.

The ordinance of the city was directed against a railroad company.

Affidavit for the alleged violation of its terms was made against the general superintendent of the road.

The judgment of the lower court was pronounced against him personally, condemning him to pay a fine, or to be imprisoned.

The penalty is not within the jurisdiction of this court, save when the legality or unconstitutionality of the law is at issue.

The question is not as to the unconstitutionality or illegality of the fine imposed, but as to whether the defendant can be punished under the ordinance.

The ordinance may be in all respects legal, and yet not apply to the defendant personally.

The question involved is one of fact not within the appellate jurisdiction of this court.

APPEAL from the Sixth Recorder's Court of the City of New Orleans. *Cain, J.*

*E. A. O'Sullivan*, City Attorney, for Plaintiff, Appellee.

*Denegre & Denegre* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. This appeal was taken from a judgment rendered by the Sixth Recorder's Court, imposing a fine of twenty-five dollars or thirty days' imprisonment upon the defendant, Marshall.

The ordinance under which, we infer, the recorder acted, is numbered 9820, Council Series, and sets forth that for the better protection of life and property the Louisville & Nashville Railroad Company are ordered to erect gates at certain designated intersections of streets, within thirty days after the passage of the ordinance, under the penalty for non-compliance corresponding with the fine imposed.

The affidavit was made against Charles Marshall, superintendent of the Louisville & Nashville Railroad Company, charging him with the unlawful and malicious violation of the ordinance.

The defendant pleaded that his arrest was illegal and unconstitutional, there being no law authorizing the arrest and the fine.

The judgment was not rendered against the railroad company, but solely against Charles Marshall.

The contention of the defendant is: The ordinance does not provide that the general superintendent of the Louisville & Nashville Railroad Company shall be liable for the failure of the railroad company to comply with the terms of the ordinance, and that the defendant is not punishable for the failure of a railroad company to comply with the terms of the ordinance.

In short, that an attempt is made to impose a fine upon a defendant against whom the ordinance does not apply.

A similar question was considered and decided in State vs. Courcier, 46 An. 910, and this court held: that the complaint of the defendant was not that the ordinance is illegal and unconstitutional, but that the recorder has made the ordinance apply to a case outside of the terms thereof and not covered by it. In other words, that under the charge as made and under the evidence as received the judge has sentenced him, not under an illegal ordinance of the city at all.

The remedy, the court said, was not by appeal.

Here the issue is the same on this point as it was in the case from which we have just quoted.

The defendant here alleged the unconstitutionality of the ordinance, but that allegation received no attention in argument, and is not one of the issues presented.

The sole question is: was the defendant amenable to a fine for the failure of the railroad company to comply with the terms of the ordinance?

This court said in State vs. Dean, 45 An. 441: to sustain the appeal the *constitutionality* or *legality* of the law must be involved; clearly thereby defining the right of appeal as not including irregularity in the execution of the law or the ordinance under which the fine is imposed. See also Suthon vs. Houma, 46 An. 1561, 1562.

Regarding taxation a similar question has arisen and the conclusion was the same.

In Pratt, Tax Collector, vs. Holmes, 43 An. 1010, the question was one of fact as here. The legality and constitutionality of the tax was not involved; the court declined to entertain jurisdiction.

The issue was the same in Breazeale vs. Frank, 42 An. 226, and the appeal was dismissed *ex proprio motu*.

Although the plea of want of jurisdiction was not presented, we

would not feel justified in assuming jurisdiction, it being settled by a number of decisions that this court is without jurisdiction.

The appeal is dismissed at appellant's costs.