State vs. Hohn.

---

No. 12,581.

THE STATE OF LOUISIANA VS. MRS. LOUISA HOHN.

Where the legality or constitutionality of a municipal ordinance imposing a fine is not attacked, this court can not, through an appeal, inquire into the legality of the proceedings taken or the correctness of the judgment rendered.

APPEAL from the First Recorder's Court of the City of New Orleans. *Finnegan, J.*

*C. H. La Villebeuvre*, Assistant City Attorney, and *S. L. Gilmore*, City Attorney, for Plaintiff, Appellee.

*O. B. Sansum*, for Defendant, Appellant.

Argued and submitted March 12, 1898.
Opinion handed down March 21, 1898.

---

The opinion of the court was delivered by

NICHOLLS, C. J. Defendant having been found guilty of a violation of an ordinance of the city of New Orleans was sentenced io pay a fine of twenty-five dollars, and in default of payment of the same to be imprisoned in the parish jail for thirty days. She appealed. Her case is thus presented by her counsel:

"Defendant was arrested and charged as stated in the affidavit as follows:

" State of Louisiana, First Recorder's Court of the city of New Orleans.

" THE STATE
    " VS.
" MRS. LOUISA HOHN.
    " 531 FIRST.

" Personally appeared before me, E. Finnegan, Recorder of the First Recorder's Court of the city of New Orleans, and Justice of the Peace duly commissioned and sworn, Sergeant M. P. Creagh, Sixth Precinct, who, having been duly sworn, doth depose and say:

" That on the twenty-fourth day of July, 1897, at about 9 o'clock A. M., at 531 First street, between Rousseau and St. Thomas streets, in this district and city, one Mrs. Louisa Hohn did then and there violate Ordinance No. 4929, Art. 1081 Flynn's Digest, relative to houses of prostitution or assignation, notice to remove by Mayor—all against the peace and dignity of the State. Wherefore, deponent charges the accused with violation of Ordinance 4929 C. S., and prays that she be arrested and dealt with according to law.

" Sworn to and subscribed before me this twenty-fourth day of July, 1897.

" (Signed)                                   M. P. CREAGH.
" (Signed)                                   E. FINNEGAN,
                                                " Recorder."

The defendant filed the following plea:

" The defendant, Louisa Hohn, in her own proper person, comes into court here and says that the First Recorder's Court has no jurisdiction to hear and determine the matter complained of, because, she says, that no issuable facts are stated or alleged in the affidavit of M. P. Creagh, and that the court here has no power or right to try the defendant upon any charge whatsoever until facts sufficient in law to constitute a breach or violation of law shall be stated and set forth upon the oath of some credible person charged with the duty of complaining against the defendant.

" That no citizen can be arrested or put upon trial for any breach of any municipal ordinance until specific facts, particularly stated and set forth, stating the time, manner and place where the alleged breach was committed; because, until specific facts shall be set forth, and the time, manner and place certainly mentioned, the accused can not know or understand what witnesses or evidence shall be necessary and proper to defend the accusation.

28

" That the affidavit upon which the recorder's warrant was issued against the defendant states no matter or thing to which the defendant is bound by law to answer or controvert. Wherefore, defendant prays that she be discharged without bail."

The objections were overruled, and to the ruling of the court defendant excepted and reserved a bill of exceptions.

In this court appellant complains of the rulings of the recorder in admitting and also in refusing to admit testimony, and charges that the judgment was not justified by the evidence.

Her counsel urges upon us that " no power has been conferred upon the Common Council of New Orleans to compel any person, owner or lessee of any house to move out of or away from such house; but if any such power had been framed, it is unconstitutional and void, because it is an unreasonable penalty and destructive of the citizen's rights of property without due process of law."

That "the judgment of the court is erroneous because defendant is not charged with keeping a house of prostitution or assignation; nor is there any charge that defendant occupied her house for any purpose forbidden by law."

That "the judgment of the court is erroneous because it denies defendant one of the rights guaranteed by the Constitution of the United States and by the Constitution of the State of Louisiana to-wit:

" The accused shall be informed of the nature and cause of the accusation."

That " the judgment is erroneous, because it deprives defendent of her property without due process of law. That it is void because as appears by the proceedings certified to, that defendant was not adjudged guilty of keeping a house of prostitution, but she was condemned for failing and neglecting to move out of her house."

It will be seen that no issue was made before the recorder as to the legality or constitutionality of the ordinance for the violation of which defendant was condemned by the judgment. The objections urged in the lower court were as to the affidavit on which defendant's arrest and trial were based—the testimony sought to be introduced and sought to be rejected at the trial—and the jurisdiction of the recorder based on the character of the affidavit.

· Objections of that character can not be reached and reviewed by this court through an appeal, as we have repeatedly said. The extent

of our inquiries in cases of this character is as to the legality and the constitutionality of the ordinances themselves. We can not through an appeal inquire into the legality of the proceedings taken, nor the correctness of a judgment rendered under a valid ordinance, or one not attacked for illegality in the trial court.

We are forced to dismiss the appeal.

The appeal is hereby dismissed.