No. 12,630.

THE STATE VS. ALBERT FABER.

The appellate jurisdiction of the Supreme Court in cases in which the constitutionality or legality of the fine, forfeiture or penalty imposed by a municipality was in contestation, is limited to a determination of the constitutionality of the fine, forfeiture or penalty and to an examination of the particular facts necessary to be considered, in order to reach a conclusion on that subject.

Proceedings directed against parties for violations of city ordinances should be in the name of the city, not that of the State.

APPEAL from the Fifth Recorder's Court of the City of New Orleans. *Harper, J.*

*James J. McLoughlin*, Assistant City Attorney, and *Sam'l L. Gilmore*, City Attorney, for Plaintiff, Appellee.

*John C. Wickliffe* for Defendant, Appellant.

Argued and submitted April 18, 1898.
Opinion handed down May 2, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J.   An affidavit to the following effect was made before the fifth recorder of New Orleans:

"On information received and belief, deponent charges that one Albert Faber, on Monday, September 13, 1897, between 12 and 12:30 o'clock, on Tuesday, September 21, 1897, between 9 and 9:15 o'clock A. M., and Monday, September 27, 1897, between 8 and 8:30 o'clock P. M., at corner of Cherokee and Mississippi streets, and within the jurisdiction of this Honorable Court, then and there did wilfully and unlawfully sell liquors by the glass, etc., in violation of City Ordinance No. 7012, C. S., amended by City Ordinance No. 7199, C. S., contrary to the form of the statute in such case made and provided, and all against the peace and dignity of the State.   Wherefore deponent charges accused with V. C. O. No. 7012, C. S., amended by City Ordinance No. 7199, C. S., and prays that he be arrested and dealt with according to law.

The record shows that after trial " the court, after considering the law and the evidence, fined accused twenty-five dollars or thirty days parish prison on each offence of the thirteenth, twenty-first and twenty-seventh days of September, 1897, or in total seventy-five dollars or ninety days parish prison in default of said fine." .

Defendant appealed.

Article 7012, *Council Series*, is as follows:

*Resolved*, That it shall hereafter not be lawful for any one to set up or establish any drinking house, coffee house, beer house or place where liquors of any kind are sold at retail by the glass to be there consumed, without having first petitioned the Mayor and City Council; said petition to be published for ten days in the official journal at the expense of the petitioner.

"Be it further resolved, That after the expiration of the said ten days' publication, there being no protest uttered against the petition, same shall be granted.  Provided, however, that if any person or persons protesting against the opening of a saloon or drinking house, etc., they shall be heard before the Committee on Public Order of the City Council, and if there be any valid objections in the judgment of said committee, said petition will not be granted.

"Be it further resolved, That any violation of the foregoing ordinance will be punished by a fine of not more than twenty-five dollars or not more than thirty days' imprisonment."

State vs. Faber.

On February 7, 1893, the City Council passed Ordinance No. 7199, which reads as follows:

" Be it ordained that Ordinance No. 7012, C. S., be and the same is hereby amended so as to read after the word published in line seven: Three times in ten days in such form as the Committee on Public Order may designate. In line eleven, after the word 'said,' strike out the words 'ten days.'

" Be it further ordained that all ordinances or parts of ordinances, conflicting with the provisions of this ordinance be and the same are hereby repealed."

Defendant appeared and demurred to the affidavit, alleging that same was not sufficient in law and set forth no offence against any law of the State of Louisiana, or any ordinance of the city of New Orleans. That the acts therein set up do not constitute a violation of the ordinances Nos. 7912 and 7199, Council Series, as therein set forth.

For further demurrer he alleged that Ordinance No. 7012, Council Series, and Ordinance No. 7199, Council Series, and all ordinances amendatory adopted prior to July 7, 1896, have been and are repealed by Act No. 45 of the General Assembly of Louisiana, approved July 7, 1896, being the act providing a charter for the city of New Orleans, and specially by Sec. 21 of said act.

Wherefore he prayed that the affidavit be quashed and the prosecution dismissed.

The demurrer was overruled and defendant ordered to plead. To which action he reserved a bill of exception.

Defendant, under reservation, pleaded " Not guilty "—further pleading, he averred that neither the State of Louisiana nor the city of New Orleans could or should prosecute the charge made for the reason that on the *twenty-second day of June, 1897*, he was arrested, prosecuted, tried and convicted for the same offence in the affidavit set forth, to-wit: setting up and establishing a drinking house, coffee house, beer house or place where liquors are sold by retail by the glass to be there consumed at Mississippi and Cherokee streets, without a permission granted therefor by the Mayor and City Council of the city of New Orleans, said arrest, trial, prosecution and conviction being in the cause styled State of Louisiana vs. Albert Faber, No. 4863 on the docket of the Fifth Recorder's Court. Wherefore, he pleaded " *autrefois convict*."

State vs. Faber.

The defences set up in the lower court were:

1. That the ordinances for the violation of which defendant was on trial had been repealed.

2. That the complaint against him. was insufficient in law and set forth no offence against any ordinance of the city.

3. That the acts set up therein did not constitute a violation of the ordinance.

4. That he had already been convicted and sentenced for the same offence.

The case is before us on appeal. Our appellate jurisdiction in matters of this character is, as we have repeatedly had occasion to say, exceedingly limited. In State vs. Zurich, 49 An. 456, we stated that in order that a case should be properly before us we should be able to declare, and should in fact declare, that the ordinance whose violation was sought to be punished was or was not legal and constitutional. It is the constitutionality or legality of the imposition by the Common Council, not the legality or constitutionality of the imposition by the Recorder, of a fine or penality, that we are called to pass on. Applying these tests to this case, it will be at once seen that we have no jurisdiction in the case. Appellant urges upon us not the *illegality* or *unconstitutionality* of the *ordinances* which he is charged with having violated, but their *non-existence*. That is not a matter of which we can take cognizance under the special remedy sought. If the ordinances have been repealed as claimed, the Recorder was acting without authority of any law; he was without power or jurisdiction in the premises, and his action should be attacked by *certiorari* and prohibition. The same thing could be said if the Recorder sought to apply the ordinances to a state of facts to which they were not applicable. If it be true as alleged that the complaint filed against defendant was so radically defective as to be violative of constitutional or legal rights as to be an absolute nullity, or if the proceedings taken under the ordinances, or the fine or penalty imposed by the Recorder, were, as alleged, radically wrong and in excess of his jurisdiction, the wrong can not be righted by appeal, unless the wrong is traceable to, and resting upon, the illegality or unconstitutionality of the ordinance itself, which the Recorder is seeking to enforce. If, for instance, a common council being without power to declare the doing of a particular act to be a misdemeanor, triable by criminal proceedings,

should undertake so to do, declaring that any person "*convicted*" of a violation of the ordinance should be punished by imprisonment, a case would be presented where the council would have enacted as part of the ordinance an illegal method of procedure, which could not be detached from it. The ordinance defining and fixing the mode of procedure and making the infliction of punishments dependent upon "conviction" a Recorder called on to enforce such an ordinance would be forced to conform to its terms and to proceed against any party violating it through criminal proceedings. In such a case a party "convicted" and sentenced to be punished, could complain of a method of procedure which would cut off an examination of the facts of the case by an appellate tribunal, and he would be entitled to an *appeal* from a conviction under such a proceeding, *if in* the lower court he had contested the legality of the proceedings, urging the illegality of the ordinance in attempting to ·impose and in imposing such a method of procedure. The illegality of the proceedings in such a case would go *back to the illegality of the ordinance authorizing* it, and not merely rest upon the illegality of the proceedings themselves as taken by the Recorder.

We take occasion to say that the acts complained of are not violative of the *statutes of the State*, as declared and should not have been so charged, and that proceedings of this character should be in the name of the City of New Orleans, and not of the State of Louisiana. They are not prosecutions of the kind referred to in Art. 86 of the Constitution.

The appeal must be and it is hereby dismissed.

Mr. Justice Miller—I concur in the decree.