LAND, J.
Defendant was prosecuted for operating a “blind tiger” in the city of Shreveport.
The prosecution was under Ordinance No. 39 of 1915 of said city. Defendant was tried, convicted, and sentenced to pay a fine of $100, and has appealed.
*725 The first section of the said ordinance defines the term “blind tiger” in the language of section 1 of Act No. 8 of the Extra Session of 1915, and the second section prohibits and penalizes the keeping of a “blind tiger” in the city of Shreveport.
However, the ordinance does not provide, as does the statute, for search warrants and seizure of intoxicating liquors, and therefore its constitutionality or legality cannot be assailed on that ground.
Whether or not, in this case, the intoxicating liquor produced in court was forcibly seized on the premises of the defendant, raised a question of fact, which the trial judge decided against the defendant.
Had the trial judge found the alleged fact of forcible seizure, and ruled that the facts disclosed by such seizure were admissible in evidence, defendant’s remedy would have been by appeal to the district court for the parish of Gaddo.
As the city ordinance does not authorize search warrants and seizures of intoxicating liquors, it is obvious that such unauthorized seizures cannot affect the legality or constitutionality of the ordinance.
[1, 2] In this case our appellate jurisdiction is confined to an examination into and the determination of the alleged illegality of the municipal ordinance, and all other questions are reviewable by appeal to the district court. Town of Ruston v. Fountain, 118 La. 55, 42 South. 644, and cases there cited.
Defendant contended below that Act No. 8 of 1915, and consequently the city ordinance founded thereon, had been repealed by Act No. 14 of 1916, in so far as they apply to malt liquors.
The trial judge found “that defendant was guilty under the evidence of keeping a place where intoxicating malt liquors were kept for sale,” and held that “Act No. 8 of 1915 is not repealed by Act No. 14 of 1916.”
“Act No. 8 of 1915 denounces a place where intoxicating liquors are kept for sale, etc., and the Act No. 14 of 1916 simply denounces the selling, etc., and it would not need be at a place, and this prosecution is under Act No. 8 of 1915.”
Section 1 of Act No. 14 of 1916 reads, in part, as follows:
“That whoever shall sell or keep for sale any malt liquors, whether intoxicating or not, and whether containing alcohol or not, in any parish, ward, city, town or village of this state where the sale of intoxicating liquors is prohibited by law, * * * shall, on conviction, be punished by a fine. * * * ”
It is a matter of common knowledge that said act was passed for the purpose of suppressing the business of selling near beer, an occupation notoriously used as a screen for the illegal sale of intoxicating liquors in prohibition districts. In this aspect, Act No. 14 of 1916 was intended to aid the enforcement of Act No. 8 of 1915, and other acts forbidding the sale of intoxicating liquors in prohibition districts, and cannot therefore be considered as repealing any of such legislation.
Judgment affirmed.