(99 South. 47)

No. 26025.

HUGHES, Sheriff and Tax Collector, v. S. B. HICKS MOTOR CO., Inc.

(Jan. 28, 1924.)

*(Syllabus by Editorial Staff.)*

Courts ⬡224(7)—Supreme Court has no jurisdiction where statute is not attacked, but claimed to have been erroneously applied.

The Supreme Court has no jurisdiction of an appeal where the only questions are whether defendant was liable for a license tax on its repair shop, and whether he was liable for penalties and attorney's fees on license taxes due for preceding years; the amount involved being below the minimum of $2,000, and appellant not attacking the constitutionality of the license statute, but claiming that it was erroneously applied.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by Thos. R. Hughes, Sheriff and Tax Collector, against the S. B. Hicks Motor Company, Inc. Judgment for plaintiff, and defendant appeals. Transferred to Court of Appeal on condition.

Dickson & Denny, of Shreveport, for appellant.

W. M. Phillips, of Shreveport, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. Plaintiff seeks to collect from defendant an additional state license for the year of 1922 of $180, with interest and attorney's fees, upon its business of wholesale and retail dealer in automobiles and supplies. It is admitted that this $180 is due, but defendant denies any liability for the interest and attorney's fees.

Plaintiff further claims that defendant is liable for additional licenses for the years 1920, 1921, and 1922, amounting to $30, $62.50, and $62.50, respectively, with interest and attorney's fees, upon the business of au-

tomobile repair shop, which it is alleged defendant conducted in addition to its business of wholesale and retail dealer aforesaid. And the issue thus involved is whether said "repair shop" was conducted wholly, or in part, as a separate business from the aforesaid wholesale and retail business, or constituted merely a necessary adjunct thereof, and, consequently, whether defendant be or be not liable for a separate license upon said repair business.

## I.

All of which presents only matter of interpreting and construing the license statutes; or, to put it in the words of the parties themselves at the close of an agreed statement of facts:

"The only legal questions submitted are: (1) Is the defendant liable under the circumstances for a license upon the business done by its repair shop for third persons, or outsiders? and (2) Is defendant liable for penalties and attorney's fees on any of the above taxes under the facts set forth?"

The trial judge solved both these legal questions against the defendant; and the defendant appeals.

## II.

Accordingly, it will be seen that the defendant nowhere complains of the constitutionality of the license statute, but only that the trial judge has erroneously applied that statute to the facts of this case. And, as the amount involved is greatly below the minimum jurisdiction of this court ($2,000), we fail to see how we can entertain the appeal.

In State v. Gallagher Transfer Co., 153 La. 533, 96 South. 111, we said:

"In the case before us the complaint is, not that the statute is unconstitutional, but that the judge has applied it to a case not covered by it.

"We are of opinion that the constitutional grant of jurisdiction [to this court] as to taxes was intended to give the taxpayer the right to test the constitutionality or legality of the law or ordinance under which the tax was levied; but that it was never intended that this court should be charged with interpreting in detail the provisions of every law or ordinance levying a tax, regardless of the amount involved. In other words, this court has appellate jurisdiction in all cases, regardless of amount, when the validity of a statute or ordinance imposing a tax is involved; * * * but it is without such appellate jurisdiction when the matter involved is only the interpretation of the statute or ordinance and its applicability to particular cases, unless by reason of the amount involved."

That is to say, as the official reporter has tersely stated it:

"Under Const. 1921, art. 7, § 10, par. 5, Supreme Court has jurisdiction, regardless of amount involved, only when constitutionality or legality of law or ordinance under which tax was levied is involved, and not when question is whether it applies to particular case."

### Decree.

It is therefore ordered that this appeal be transferred to the court of Appeal, Second Circuit, provided the record be lodged in said court within 15 days after this decree becomes final; otherwise said appeal is to stand dismissed.