(103 So. 180)

No. 24953.

### STATE v. TRANSMISSION MACHINERY CO.

(Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

Licenses ⬲19(4) — Company, casting iron wheels, held a "manufacturer" within constitutional exemption.

A company, engaged in business of casting iron wheels, *held* exempt from license tax as a "manufacturer," under Const. 1913, art. 229.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Manufacturer.]

Appeal from First City Court, Parish of Orleans; Val J. Stentz, Judge.

Action by the State against the Transmission Machinery Company. Judgment for defendant, and plaintiff appeals. Affirmed.

H. G. McCall, of New Orleans, for the State.

Joseph Harris Brewer, of New Orleans, for appellee.

ST. PAUL, J. Plaintiff seeks to collect from defendant for the years 1919, 1920, and 1921, a license (occupation) tax for conducting the business of *wholesale dealer.*

Defendant answers that its business is not that of wholesale dealer, but of *manufacturer.*

Under article 229, Const. of 1913, all manufacturers (with some exceptions, presently immaterial) were exempt from the payment of a license tax.

### I.

The evidence shows that the business of defendant is "casting work"; that it has a machine shop in which it has power driven lathes and drill presses; that its product consists of iron pulleys, i. e. wheels, to be fixed to revolving shafts, over which belts run, whereby power is transmitted and machinery operated.

From which we conclude that defendant's business consists of casting wheels (pulleys) out of iron, trimming and finishing same by means of lathes, and drilling therein such holes as are needed for fitting them where they belong.

### II.

The trial judge was of opinion that this constituted *manufacturing;* and so are we.

### Decree.

The judgment appealed from is therefore affirmed.