(111 So. 82)

No. 27770.

DOWNS, Tax Collector, v. DUNN.

(Nov. 29, 1926.  Rehearing Denied Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. Licenses $\Longleftrightarrow$28—Manufacturer held exempt from annual license tax levied on wholesale dealers in merchandise (Act No. 205 of 1924, §§ 7, 25).

Act No. 205 of 1924, § 25, *held* to exempt manufacturer from license tax levied on wholesale dealers in merchandise by section 7 thereof, in view of history of legislation (Const. 1898, art. 229, with corresponding article in the Constitution of 1913; Act No. 171 of 1898, § 3; Const. 1921, art. 10, § 8).

2. Courts $\Longleftrightarrow$224(7)—Supreme Court had jurisdiction of appeal in suit involving attempt to collect from manufacturer $50 license tax, where legality of tax was involved (Const. 1921, art. 7, § 10, par. 5; Act No. 205 of 1924, § 7).

Under Const. 1921, art. 7, § 10, par. 5, Supreme Court has jurisdiction of appeal in suit involving attempt to collect from manufacturer $50 license tax levied against wholesale dealers in merchandise by Act No. 205 of 1924, § 7, where legality of tax was involved.

Overton and St. Paul, JJ., dissenting.

Appeal from Ninth Judicial District Court, Parish of Rapides; R. C. Culpepper, Judge.

Suit by U. T. Downs, Tax Collector, against John W. Dunn. Judgment for defendant, and plaintiff appeals. Affirmed.

Isaac Wahlder, of Alexandria, for appellant.

T. A. Carter, of Alexandria, for appellee.

Harry P. Sneed, of New Orleans, for Louisiana Manufacturers' Ass'n, amicus curiæ.

O'NIELL C. J. This is a suit to collect a license tax of $50, being the minimum annual license tax levied on wholesale dealers in merchandise, by the Act 205 of 1924, § 7, p. 377. The defendant is engaged in the coffee business. He buys green coffee in large quantities, roasts and grinds it, mixes it with chicory, puts up the finished product in packages of convenient size for the trade, and sells it to retailers. It is admitted that his business is that of a manufacturer, selling only the product of his factory. It is admitted also that, if the defendant were not a manufacturer, he would be deemed a wholesale dealer according to the definition in the last paragraph of the seventh section of the statute (page 378), because he sells his merchandise only in the original or unbroken packages and only to dealers for resale. His defense is that his business, being that of a manufacturer, is exempt from a license tax by the terms of the exemption in the twenty-fifth section of the act (page 422), viz.:

"That any other business not provided for in this act, and not otherwise provided for by separate law, except manufacturing, shall be graded the same as above set forth, and shall pay a license as fixed in this section."

The district court ruled that manufacturers were exempt from license taxes, by the terms of the statute, and rejected the tax collector's demand. He has appealed from the decision.

[1] By article 229 of the Constitution of 1898 and the corresponding article of the Constitution of 1913, the Legislature was forbidden to levy a license tax on "manufactur-

ers other than those of distilled, alcoholic or malt liquors, tobacco, cigars, and cotton seed oil," viz.:

"Art. 229. The General Assembly may levy a license tax, and in such case shall graduate the amount of such tax to be collected from the persons pursuing the several trades, professions, vocations, and callings. All persons, associations of persons and corporations pursuing any trade, profession, business or calling, may be rendered liable to such tax, except clerks, laborers, clergymen, school teachers, those engaged in mechanical, agricultural, horticultural, and mining pursuits, and manufacturers other than those of distilled, alcoholic or malt liquors, tobacco, cigars, and cotton seed oil."

Therefore, in the first statute levying license taxes under the Constitution of 1898 (Act 171 of 1898), the Legislature, in the third section of the statute, levied a graduated license tax "on each business of manufacturing subject to license under article 229, of the Constitution," meaning, of course, on manufacturers of distilled alcoholic or malt liquors, and manufacturers of tobacco and cigars and of cotton seed oil. And, in the eleventh section of the statute, a graduated license tax was levied specifically on distillers of alcoholic or malt liquors, brewers of malt liquors, manufacturers of tobacco, cigars and cigarettes, and manufacturers of cotton seed oil. Other manufacturers were not, by the terms of the statute, declared exempt but the license tax on manufacturers was levied, specifically, only on those who were not exempted by article 229 of the Constitution.

By the Constitution of 1921, art. 10, § 8, p. 84, the prohibition against levying license taxes on manufacturers was abolished, thus:

"Sec. 8. License taxes may be levied on such classes of persons, associations of persons and corporations pursuing any trade, business, occupation, vocation or profession, as the Legislature may deem proper, except clerks, laborers, ministers of religion, school teachers, graduated trained nurses, those engaged in mechanical, agricultural, or horticultural pursuits or in operating sawmills."    .  .

Although the Legislature was thus permitted to levy license taxes on manufacturers, they were not mentioned at all in the new statute (Act 205 of 1924), levying license taxes pursuant to the new Constitution, except in the exempting clause in the twenty-fifth section, p. 422, which we have quoted. It is argued on behalf of the appellant that this exempting clause in the twenty-fifth section of the statute does not, in terms, declare that manufacturers are exempt from license taxes, but merely declares that license taxes on manufacturers shall not be graded as the other businesses are graded in, the twenty-fifth section. On the contrary, the exempting clause declares that any other business, not provided for in that or any other statute *except manufacturers*, shall be graded the same as the license taxes levied by that section, and shall pay the same license taxes that are fixed in that section. That is the same as to say that the business of a manufacturer is not included among those other businesses, not provided for in the statute, which shall be graded as the license tax is graded in the twenty-fifth section and pay the license tax fixed in that section. The consequence is that no license tax has been levied on manufacturers. The definition of wholesale dealers and of retail dealers, in the last paragraph of the seventh section of the act (page 378) is given merely to distinguish the wholesale from the retail dealers, because the rate of license taxes levied on wholesale dealers, in the seventh section, is not the same as is levied on retail dealers, in the eighth section. If the Legislature had intended that manufacturers should be classed either as wholesale or retail dealers, depending upon whether they sold their merchandise only in the original unbroken packages and only to dealers for resale or sold in less quantities than the original unbroken packages, there would have been no reason whatever for inserting the clause in the twenty-fifth section, exempting

manufacturers from license taxes. It is well settled that a manufacturer who sells only the articles which he manufactures, if exempted from the payment of license taxes as a manufacturer, is not required to pay the license tax levied on wholesale or retail dealers, eo nomine. Ballard, Tax Collector, v. Hammond Coca-Cola Bottling Co., 147 La. 580, 85 So. 597; Ballard, Tax Collector, v. Kentwood Ice Manufacturing & Bottling Works, 147 La. 583, 85 So. 598; State v. Lanasa, 151 La. 706, 92 So. 306; State v. Transmission Machinery Co., 157 La. 827, 103 So. 180. The reason for that is that there would be no encouragement or advantage in the exemption of manufacturers from license taxation as manufacturers if they could not dispose of the products of their factories without paying the license taxes levied on dealers, either wholesale or retail. The judgment appealed from is correct.

[2] The question has arisen in this case—as it must arise and be determined in every case where the amount of the license tax in contest does not exceed $2,000—whether this court has jurisdiction ratione materiæ. The fifth paragraph of the tenth section of article 7 of the Constitution, defining the jurisdiction of the Supreme Court, declares:

"It shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the state, or by any parish, municipality, board, or subdivision of the state is contested, or where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the state shall be in contest, whatever may be the amount thereof," etc.

It is plain, therefore, that this court has jurisdiction, not only over questions of constitutionality, but over all questions of legality, of a license tax levied or claimed as being levied by the state on any specified business, trade, profession, or calling, regardless of the amount of the tax in contest.

"Where judicial interpretation of a tax statute is necessary to determine whether or not the tax as demanded is imposed by law, the question of legality vel non of the tax is raised, and the appeal taken may be to this court only." State v. Rosenstream; Weiss & Co., 52 La. Ann. 2126, 28 So. 294, citing many such decisions; State v. Orfila, 116 La. 972, 41 So. 227; State v. Wenar, 118 La. 141, 42 So. 726.

This court has not appellate jurisdiction over a suit to collect a license tax that does not exceed $2,000 in amount if the defendant does not dispute that the tax claimed has been legally levied upon the specified business, trade, profession, or calling, but defends on the ground merely that he is not engaged in the specified business, trade, profession or calling, or on the ground that he has not done the volume of business necessary to subject him to the tax, or that his business, trade, profession or calling is not within the grade or classification on which the tax is levied. In such case the only matter in dispute is whether the individual defendant owes the amount, either in whole or in part, of the license tax that has been levied on the specified business, trade, profession or calling; but, in such case, the legality of the tax, so far as it has been levied on the specified business, trade, profession or calling, is not in contest. But, when it is disputed, as in this case, that the tax has been legally levied, or levied at all, on the specified business, trade, profession or calling, the legality of the tax itself is in contest, and the matter in dispute is then of such importance to the state, or to the subdivision seeking to collect the tax, that the writers of the Constitution deemed it wise that the case should be appealable to the Supreme Court, rather than to one of the three Courts of Appeal, or to a court of inferior jurisdiction.

The test, as to whether this court has jurisdiction in a suit for a license tax not exceeding $2,000 in amount is virtually the same as in a case where the constitutionality or legality of a fine, forfeiture or penalty imposed by a parish, municipal corporation, or other subdivision of the state, is in contest.

In a suit for a license tax not exceeding $2,000 in amount, the question of appellate jurisdiction depends upon whether the legality of the license tax sought to be imposed on the specified business, trade, profession or calling is in contest, or only the license tax claimed of the individual defendant is in contest. In a case where a fine, forfeiture or other penalty is sought to be imposed by a parish, municipal corporation, or other subdivision of the state, the question of appellate jurisdiction depends upon whether the legality of the penalty sought to be imposed upon any and all offenders is in contest, or only the legality of the penalty sought to be imposed upon the individual defendant is in contest; and that depends, of course, upon whether the validity of the ordinance itself, so far as it is sought to impose the penalty on any and all offenders generally, is in contest. If it is not disputed, in such case, that the ordinance legally imposes the penalty on any person found guilty of violating the ordinance, and if the question to be presented on appeal is merely whether the individual defendant has been legally convicted, the Supreme Court has not appellate jurisdiction; but, if the constitutionality or legality of the imposition of the penalty as to any and all offenders—e. g., if it is contended that the ordinance itself does not impose the penalty constitutionally or legally—the Supreme Court has appellate jurisdiction to decide the question. State v. Callac, 45 La. Ann. 27, 12 So. 119; State v. Fourcade, 45 La. Ann. 717, 13 So. 187, 40 Am. St. Rep. 249; State v. Lochte, 45 La. Ann. 1411, 14 So. 215; State v. Marshall, 47 La. Ann. 646, 17 So. 202; State v. Zurich, 49 La. Ann. 447, 21 So. 977; State v. Hohn, 50 La. Ann. 432, 23 So. 966; City of Amite v. Holly, 50 La. Ann. 633, 23 So. 746; State v. Faber, 50 La. Ann. 952, 24 So. 662; Board of Aldermen v. Norman, 51 La. Ann. 738, 25 So. 401; Police Jury v. Bouanchaud, 51 La. Ann. 863, 25 So. 653; Gibbs v. Atkins, 110 La. 197, 34 So. 411;

Town of Ruston v. Fountain, 118 La. 53, 42 So. 644; City of Shreveport v. Mackie, 140 La. 724, 73 So. 842; City of New Orleans v. Vinci, 153 La. 528, 96 So. 110, 28 A. L. R. 1382; City of New Orleans v. New Orleans Butchers' Co-operative Abattoir, 153 La. 536, 96 So. 113.

Our ruling that we have jurisdiction in this case is not contrary to either the ruling in State v. Foto & Bro., 134 La. 157, 63 So. 859, or the ruling in State v. Serio & Messina, 149 La. 1006, 90 So. 385. In State v. Foto & Bro., the ruling was that this court did not have jurisdiction over a plea of estoppel which affected only the question whether the state could collect the license tax from the individual defendant, but did have jurisdiction over the question of constitutionality of the license tax; there being no other question of legality of the license tax pleaded. The ruling made in State v. Serio & Messina is stated accurately in the syllabus of the decision as reported, viz.:

"In a suit to collect license taxes amounting to $150, defended on the grounds that defendants were not wholesale dealers during the years in question and that the tax had been paid, the Supreme Court has no jurisdiction of an appeal under Const. 1921, art. 7, § 10; the amount being below the minimum jurisdiction, and the constitutionality or legality of the license levied against wholesale dealers not being involved."

There are two recent decisions which convey the idea that this court has not jurisdiction of a suit on behalf of the state to collect a license tax not exceeding $2,000 in amount unless the *constitutionality* of the statute is in contest. We refer to State v. Gallagher Transfer & Storage Co., 153 La. 533, 96 So. 111, and Hughes, Tax Collector, v. Hicks Motor Co., 155 La. 228, 99 So. 47. In deciding the first of those cases, it was thought that State v. Foto & Bro. and State v. Serio & Messina, were authority for the proposition "that this court had jurisdiction of a case involving a state license [tax] less than $2,-000 only where it is claimed that the law un-

der which it is sought to collect the license [tax] is unconstitutional," and not where it is claimed that the state license tax levied on the specified business, trade, profession or calling is *illegal*. Hence it was thought that the two decisions (State v. Foto & Bro. and State v. Serio & Messina) on the question of jurisdiction, were contrary to all of the previous rulings on the subject, particularly State v. Rosenstream, Weiss & Co., State v. Orfila, and State v. Wenar, which we have quoted. In State v Gallagher Transfer & Storage Co., in quoting the fifth paragraph of the tenth section of article 7 of the Constitution of 1921, the court omitted accidentally the words "or legality" in the expression, "in all cases wherein the constitutionality or legality of any tax levied by the state," etc., and the court therefore accidentally misquoted the paragraph, thus:

"In all cases wherein the constitutionality of any tax levied by the state, or by any parish, municipality, board, or subdivision of the state is contested, or where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the state shall be in contest, whatever may be the amount thereof."

The decree in Hughes, Tax Collector, v. Hicks Motor Co., transferring the case to the Court of Appeal for decision, appears to have been correct, because the only questions in the case were, first, whether the defendant owed interest and attorneys' fees on an additional license tax claimed, which was admitted to be due; and, second, whether the defendant's repair shop was conducted as a separate business or was merely a necessary adjunct of the defendant's business as a wholesale and retail dealer in automobiles and accessories, and, consequently, whether the defendant was liable for a separate license tax for conducting the repair shop. It appears that the legality of the license tax levied on repair shops generally, if conducted as a separate and independent business, was not contested; the only question in that respect being the question of fact, whether the repair shop was conducted as an independent business.

A very similar question, logically speaking, was presented in Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 42 S. Ct. 106, 66 L. Ed. 239. The plaintiff, a Tennessee corporation, sued a resident of Kentucky in a court of that state, for damages for breach of a contract for the sale and delivery of a crop of wheat, bought in Kentucky and to be shipped to Tennessee. The defense was that the plaintiff had not complied with a Kentucky statute (section 571 of 1915) prescribing the conditions on which corporations of other states might do business in Kentucky. The plaintiff pleaded that the contract in question was a transaction in interstate commerce, to which the statute could not be applied, because it would be in conflict with the commerce clause of the Constitution of the United States. The Court of Appeals of Kentucky, being the highest court of the state, conceded that the statute would be invalid if applied to a transaction in interstate commerce, but held that the transaction in question was not in interstate commerce, and that the statute was therefore valid and enforceable against the plaintiff. There was verdict and judgment for the defendant, because the plaintiff had not complied with the statute; and the judgment was affirmed by the Court of Appeals. The case went to the Supreme Court of the United States on a writ of error; and the jurisdiction of the court was challenged on the ground that the case was not reviewable on writ of error but only on writ of certiorari. The contention was that the validity of the statute itself was not drawn in question—that only the propriety of the application of the statute to the particular case was questioned. The federal statute controlling the question of jurisdiction was section 237 of the Judicial Code, as amended by the Act of September 6, 1916, c. 448, § 2 (39 Stat. at L.

726 [Comp. Stat. § 1214; Fed. Stat. Anno. Supp. 1918, p. 411]). According to section 237 of the Judicial Code, before it was amended by the Act of February 13, 1925, 43 Stat. 937, c. 229, any suit where the validity of a state statute was drawn in question on the ground of its being repugnant to the Constitution of the United States could be reviewed on a writ of error, if the decision by the highest court of the state was in favor of the validity of the statute, but was reviewable only on writ of certiorari if the decision was against the validity of the statute. The court held that a litigant had the right to question the validity of a statute only when or so far as it was being or was about to be applied to his disadvantage, and that, as the highest state court had decided in favor of the validity of the statute so far as it was being applied to the plaintiff's disadvantage, he was entitled to a review on writ of error, no matter what the grounds or reasons for the decision were. Mr. Justice Brandeis and Mr. Justice Clarke dissented; the former delivering a strong opinion. The author of the dissenting opinion, however, cited the decision as authority on the question of jurisdiction in Dorchy v. Kansas, 47 S. Ct. 86, 71 L. Ed. ——.

It is true that the license tax sued for in this case was not "levied by the state, or by any parish, municipality, board, or subdivision of the state," but it was sued for as a tax "levied by the state," and it required an interpretation of the statute, under authority of which the tax was sued for, to determine that it was not levied by the state. To transfer this or any such case to the Court of Appeal for final decision, when we find that the license tax was not "levied by the state or by any parish, municipality, board or subdivision of the state," would be futile, because, having so found, there is nothing left for decision. All of which serves to demonstrate that, when the Constitution says that this court shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax levied by the state or by any parish, municipality, board or subdivision of the state is contested, it means that this court shall have appellate jurisdiction in all cases where the constitutionality or legality of any tax *sued for or claimed* as being levied by the state or by any parish, municipality, board or subdivision of the state is contested.

The judgment is affirmed.

OVERTON, J., dissents for the reason that in his opinion this court has no jurisdiction.

ST. PAUL, J., dissents.