(111 So. 463)

No. 27750.

ODEN, Tax Collector, v. ZACHERY.

(Jan. 3, 1927. Rehearing Denied Jan. 31, 1927.)

(Syllabus by Editorial Staff.)

1. Courts ⬩⬩⬩224(7)—Supreme Court has no jurisdiction of appeal from judgment requiring payment of peddler's tax involving neither constitutionality of statute nor legality of tax, jurisdictional amount being absent (Const. 1921, art. 7, § 10; Act No. 205 of 1924, § 18).

Under Const. 1921, art. 7, § 10, Supreme Court has no jurisdiction of appeal from judgment condemning hawker and peddler to pay for state license under Act No. 205 of 1924, § 18, where constitutionality of statute is not involved nor legality of tax and amount in dispute does not exceed $2,000 exclusive of interest.

2. Courts ⬩⬩⬩487(1) — Appeal erroneously brought to Supreme Court will be transferred to Court of Appeal.

Where Supreme Court has no jurisdiction of appeal to it, but Court of Appeal has, appeal will not be dismissed but will be transferred to Court of Appeal.

Appeal from Fourteenth Judicial District Court, Parish of Allen; Jerry Cline, Judge.

Proceeding by R. E. Oden, Tax Collector, against A. E. Zachery. From judgment condemning defendant to pay for a peddler's license for 1925, he appeals. Transferred.

Peterman, Dear & Peterman, of Alexandria, for appellant.

Percy C. Smith, of Oberlin, for appellee.

ROGERS, J. The defendant appeals from a judgment condemning him as a hawker and peddler traveling in a motor vehicle to pay $200, with interest and attorney's fees, for a state license for the year 1925, under section 18, Act 205 of 1924.

[1] The only question presented in the case is whether appellant was engaged in the business of hawker or peddler during the year for which the license is demanded. The constitutionality of the statute is not involved, nor is the legality of the license tax in contest, so far as it has been levied on the specified business or calling of peddler and hawker. It is clear, also, that the amount in dispute does not exceed $2,000, exclusive of interest. In these circumstances, this court is without jurisdiction of the appeal. Const. 1921, art. 7, § 10; Downs, Tax Collector, v. Dunn (No. 27770 of our docket decided November 29, 1926) ante, p. 747, 111 So. 82.

[2] The appeal, however, should not be dismissed, but should be transferred to the Court of Appeal, which is vested with appellate jurisdiction in such cases.

It is therefore ordered that this appeal be transferred to the Court of Appeal, First Circuit, to be there disposed of according to law.