179 So. 865

**STATE v. WACTOR.**

**No. 34714.**

March 7, 1938.

S. R. Holstein, of Winnsboro, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and J. Vernon Sims, Dist. Atty., of Oak Grove, and Harry N. Anders, Asst. Dist. Atty., of Winnsboro, for the State.

O'NIELL, Chief Justice.

The defendant was convicted of violating a parish ordinance prohibiting the sale of intoxicating liquor, and was sentenced to pay a fine of $100 and costs, or to be imprisoned in the parish jail for 90 days. He is appealing from the conviction and sentence.

The defendant, in the district court, moved to quash the bill of information, on the ground that the statute, Act No. 17 of the First Extra Session of 1935, under authority of which act the parish ordinance was adopted, was unconstitutional, and that the ordinance itself was unconstitutional and illegal. After he was convicted he filed a motion for a new trial, pleading again that the statute, under authority of which the ordinance was adopted, was unconstitutional.

The State's attorneys have filed a motion to dismiss the appeal for want of

jurisdiction. They direct our attention to the fact that, according to the last paragraph of section 10 of article 7 of the Constitution, this court has not jurisdiction in a criminal case unless it is one in which the penalty of death or imprisonment at hard labor might have been imposed, or one in which a penalty of fine exceeding $300 or imprisonment for a term exceeding six months is actually imposed. We are reminded that according to the fifth paragraph of the same section in the Constitution, when the appellate jurisdiction of this court is invoked on the ground that the constitutionality of a state statute or of a municipal or paroachial ordinance is in contest, the court has not jurisdiction unless the statute or ordinance, as the case may be, has been declared unconstitutional. It is pointed out that in this case both the ordinance which the defendant was accused of violating and the statute under authority of which the ordinance was adopted were declared constitutional. But this court has jurisdiction in this case because the ordinance in question is a penal ordinance. In the fifth paragraph of section 10 of article 7 of the Constitution it is declared that this court has appellate jurisdiction in all cases where the legality or constitutionality of a fine, forfeiture or penalty imposed by a parish or municipal corporation is in contest, "whatever may be the amount thereof." In such cases the jurisdiction of the court extends only to the question of constitutionality or legality of the ordinance itself.

State v. Zurich, 49 La.Ann. 447, 21 So. 977; State v. Hohn, 50 La.Ann. 432, 23 So. 966; State v. Faber, 50 La.Ann. 952, 24 So. 662; Town of Ruston v. Fountain, 118 La. 53, 42 So. 644; City of Shreveport v. Mackie, 140 La. 724, 73 So. 842. The motion to dismiss the appeal is overruled, so far as the question of legality of the parish ordinance is concerned.

The only ground on which the defendant contends that the ordinance is illegal is that the election, in which a majority of the electors voted to prohibit the sale of intoxicating liquor, was not held in accordance with the provisions of the local option law, Act No. 17 of the First Extra Session of 1935, in the matter of providing for certain election precincts, and for separate ballot boxes, to permit the electors to vote (a) to ban the sale of liquor containing more than one-half of 1 per cent. of alcohol by volume; or (b) to ban the sale only of liquor containing more than 6 per cent. of alcohol by volume.

As far as the record shows, no evidence whatever was offered by the defendant in support of his motion to quash the bill of information, or in support of his motion for a new trial. Without any evidence to show that the local option election was not held according to the requirements of the statute on the subject, it is presumed that the election was held according to the requirements of the statute.

The conviction and sentence are affirmed.