PONDER, Justice.
 

 Jack Aaldrup was prosecuted by the City of Shreveport under an affidavit charging him with violating a city ordinance prohibiting the driving of a motor vehicle within the
 
 *896
 
 city limits while under the influence of intoxicating liquors. The charge was brought and the prosecution conducted in the name of the City of Shreveport. The defendant moved to quash the affidavit on the grounds that the prosecution is not carried on in the name and by the authority of the State of Louisiana and does not conclude with the words, “against the peace and dignity of the same.” The motion was overruled and a bill of exception reserved. Upon trial the defendant was convicted and sentenced to pay a fine of $100 and serve thirty: days in the city jail. The defendant has appealed.
 

 The City of Shreveport has moved to dismiss the appeal on the ground that this court is without jurisdiction to entertain the appeal.
 

 Under the provisions of Article 7 of Section 10 of the Constitution of 1921 we cannot entertain an appeal where the fine imposed is less than $300 or the imprisonment is less than six months unless the legality or constitutionality of the fine, forfeiture or penalty imposed by the city ordinance is contested.
 

 The defendant contends that the appeal is properly lodged for the reason that the legality of the fine or penalty is questioned. This contention is based on the grounds that the affidavit under which the prosecution is conducted is subject to the same rules of pleading as required in informations filed by the district attorney or indictments returned by the grand jury in that the style of the process shall be in the name of the State of Louisiana and shall conclude, “against the peace and dignity of the same.” In support of this contention the defendant cites Article 7, Section 10, of the Constitution of 1921 and Articles 7 and 216 of the Code of Criminal Procedure.
 

 The constitutionality or legality of the city ordinance imposing the penalty is not contested. In cases where the appellate jurisdiction is founded only upon the fact that the constitutionality or legality of a fine or other penalty imposed by a parish or municipality is in contest, the only question that can be considered is the question of constitutionality or legality of the ordinance imposing the penalty. State v. Zurich, 49 La.Ann. 447, 21 So. 977; State v. Hohn, 50 La.Ann. 432, 23 So. 966; State v. Faber, 50 La.Ann. 952, 24 So. 662; Ruston v. Fountain, 118 La. 53, 42 So. 644; City of Shreveport v. Mackie, 140 La. 724, 73 So. 842; Downs, Tax Collector, v. Dunn, 162 La. 747, 111 So. 82; Town of Waterproof v. Towles, 180 La. 168, 156 So. 211; City of Shreveport v. Gregory, 186 La. 407, 172 So. 435 and State v. Bonner, 193 La. 402, 190 So. 626.
 

 Motion sustained. Appeal dismissed.