50 So.2d 24

## STATE v. GARRETT.

### No. 39915.

Dec. 11, 1950.

Rehearing Denied Jan. 9, 1951.

France W. Watts, Jr., Franklinton, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jas. T. Burns, Dist. Atty., Covington, for plaintiff-appellee.

HAMITER, Justice.

Lee Garrett, the defendant, was tried and convicted under a bill of information charging that he "unlawfully did sell in- toxicating liquor for beverage purposes, to- wit: whiskey, in the Third Ward of Wash- ington Parish, Louisiana, where the sale of same is prohibited by ordinance"; and the court sentenced him to imprisonment in the Parish Jail for a period of sixty days.

The ordinance allegedly violated was adopted by the Police Jury of Washington Parish following the holding of a special election throughout the Third Ward of that parish to determine the question of permit- ting the sale therein of intoxicating liquors. It recites, among other things, that: " * * no person shall produce, manufacture, rectify, blend or handle, sell for beverage purposes, possess for sale for beverage pur- poses, use, distribute, store, or consume al- coholic or intoxicating liquors within the 3rd. ward of Washington Parish, Louisiana; otherwise than when prescribed by a li- censed physician as a medicine."

The penalty prescribed in the ordinance for a violation of its provisions is a fine of not less than $25 nor more than $500, or imprisonment in the Parish Jail of not less than ten days nor more than six months, or both at the discretion of the court, and in default of the payment of the fine and costs imprisonment for a further period not to exceed six months.

On this appeal (the matter was sub- mitted on briefs without oral argument) defendant relies on several bills of excep- tions for a reversal of the conviction and sentence. In some of them he challenges the legality of the described ordinance and

in others he presents questions that arose during the trial respecting the admissibility of certain evidence. In view of the penalty prescribed in the ordinance and the sentence actually imposed on the defendant, however, our jurisdiction of the appeal is limited to a consideration of those issues created by the attack on the ordinance. Section 10, Article 7 of the Louisiana Constitution of 1921; State v. Wactor, 189 La. 535, 179 So. 865; State v. Bonner, 193 La. 400, 190 So. 625.

Authority for the adoption of the ordinance in question is Act No. 17 of 1935, First Extra Session, and the provisions of that statute pertinent in determining the issues here are the following:

"Section 1. Be it enacted by the Legislature of Louisiana, That, if any parish, ward or municipality, at an election held for the purpose, * * * shall by a majority vote of its duly qualified electors voting at any such election, determine that the business of producing, manufacturing, rectifying, blending or handling, selling, using, distributing, storing or consuming of alcoholic or intoxicating liquors as defined in Section 2 of this Act, * * * in such parish, ward or municipality shall not be licensed or permitted therein, such business shall not be therein licensed or permitted.

"Section 2. That the words 'alcoholic or intoxicating liquors', as used in this Act, shall be deemed and held to include:

"(a) Beer, porter, ale, fruit juices, wine, or other alcoholic liquors, of an alcoholic content greater than one-half of one per centum of alcohol by volume, but not exceeding six per centum of alcohol by volume;

"(b) Malt, vinous, spirituous, alcoholic, or intoxicating liquors containing more than six per centum of alcohol by volume.

"That at any election held under the authority of this Act propositions in respect to the traffic in all such liquors defined in the above paragraphs (a) and (b) of this section, or in respect to either those defined in paragraph (a) or those defined in paragraph (b), may be submitted to the electors. * * *

"Section 4. * * * Whenever an election has been held and the majority of the votes cast in a parish, or in a ward election if only a ward election has been held, shall be against permitting the sale or disposition of such liquors of an alcoholic content in excess of six per centum by volume within such parish or ward, then said vote or decision in such parish or ward election shall control the action of any ward, city or town within the limits of said parish or ward, as the case may be.

"If at any such election on the question of whether or not such liquors of an alcoholic content of more than one and one-half per centum and not exceeding six per centum by volume shall be sold a majority of the qualified electors of such municipality voting at such election shall, in either a parish-wide, ward or strictly municipal

election, determine that the business voted upon may be conducted in such municipality, such business may be conducted therein until a majority of the qualified electors of such municipality voting at a subsequent election determine to the contrary, and in any parish-wide election or any election in a ward containing a municipality, where the proposition is the question of whether or not such liquors of an alcoholic content of more than one and one-half per centum and not exceeding six per centum by volume shall be sold, either separate boxes shall be provided for deposit of the ballots of electors residing in the municipality or separate precincts shall be established in the municipality, and in either case separate polls and tallies shall be kept of the vote in such municipality, and the promulgation of the returns shall show the result of the vote in such municipality."

In assailing the Police Jury Ordinance, for a violation of certain provisions of which he was charged and convicted, defendant contends first that the local option election held in Washington Parish's Ward Three (including the municipality of Franklinton) was invalid for the reason that at the election the question of the sale of alcoholic beverages of over six per cent alcoholic content was not determined by the whole of such ward as the statute contemplates and requires. And, to quote from the brief, his counsel argues: " * * * The Police Jury asked the Town of Franklinton to determine its will on *(a)* and *(b)* of Section 2 of Act 17 of 1935 and asked

the rest of the Third Ward, *in separate propositions,* to do likewise. The ballots were counted separately as will appear by reference to the ordinances of the Police Jury concerning the election. This was all very well as to the intoxicating beverages of less than 6% alcoholic content for the town had the right to determine this for itself, and, indeed, this was the reason for the separate counting on this point, as set out by Act 17 of 1935. But, the Police Jury fell into grievous error when it also submitted separately and had counted separately, the question of the sale of alcoholic beverages of over 6% alcoholic content. This deprived the voters of the Town of Franklinton from the privilege of expressing their will on a question which *must* be determined by the Parish or Ward *as a whole,* for it is the vote of the Ward *as a whole* which controls this issue. The law never contemplated setting up an election in the Police Jury's manner."

■ Our careful study of the record convinces us that the question of the sale of alcoholic beverages of over six per cent alcoholic content was determined by Ward Three of Washington Parish as a whole, just as counsel insists should have been done. True, because of the existence of the municipality within the Ward, the propositions necessarily were submitted separately and the ballots counted separately; nevertheless, it appears that the Police Jury when canvassing the returns took into consideration and declared the

result of the election not only for the Town of Franklinton but also for the entire Ward Three, including such municipality. Thus the Police Jury minutes respecting the canvass recite that on the question of permitting the sale in the Third Ward of Washington Parish of intoxicating liquors containing more than six per cent of alcohol by volume the vote in the Town of Franklinton was 66 for and 249 against and the vote in "Ward Three as a whole including the Town of Franklinton" was 141 for and 385 against. We conclude, therefore, that the election was held in accordance with the provisions of Act No. 17 of 1935, First Extra Session.

▇ Defendant's other contention regarding the alleged invalidity of the ordinance is that the propositions submitted to the electorate referred only to the sale of the specified beverages whereas the ordinance prohibits the possession for sale, as well as the sale, thereof; and that this material variance renders it a nullity. In support of this position counsel cites no authorities, and we know of none. It would seem, however, that since the defendant was charged with and convicted for only the sale of intoxicating liquor he is without right presently to question the appearance in the ordinance of the words "possess for sale", they constituting mere surplusage insofar as this prosecution is concerned.

For the reasons assigned the conviction and sentence are affirmed.