**96 So.2d 64**

Rufus W. FONTENOT, Collector of Revenue, State of Louisiana,

v.

James A. MADIGAN.

No. 42133.

May 6, 1957.

Rehearing Denied June 10, 1957.

Carl G. Buchmann, Adelaide Baudier, New Orleans, for defendant-appellant.

Chapman L. Sanford, Levi A. Himes, Robert L. Roland, Baton Rouge, for plaintiff-appellee.

PONDER, Justice.

The defendant is appealing from a judgment rendered in a summary proceeding condemning him to pay a tax of $20 plus a penalty of $500, interest and attorney's fees.

It appears that the defendant imported 25 cartons of cigarettes during the month of March, 1954 and consumed them without affixing the stamps and paying the tax as provided for in LSA–R.S. 47:841 et seq.

The defendant, in a motion interposed in the lower court to plaintiff's petition, alleged that the assessment of the penalty is confiscatory, oppressive, arbitrary, and excessive and does not take into consideration the value of the property involved; that the act seeks to place defendant in an occupation against his choice and will in violation of the 14th Amendment of the Federal Constitution and Article 1, Section 2 of the Constitution of the State of Louisiana, LSA; that the statute as amended is an attempt to place a license tax on an individual not doing business; that the statute attempts by legislation to broaden the scope and meaning of Article 10, Section 8 of the Louisiana Constitution; that the statute taxes property belonging to the defendant at greater than the allowable rate in violation of Article 10, Sections 1 and 3 of the Louisiana Constitution; that the statute imposes confiscatory, oppressive, arbitrary, and excessive fines in contravention of the 14th Amendment of the Federal Constitution and Article 1, Section 2 and Article 10, Section 8 of the Louisiana Constitution; that the statute contains more than one object and that it contains an object not contained in its title.

While the defendant has appealed from the judgment in toto, this Court has jurisdiction only of the case insofar as it contests the legality and constitutionality of the penalty imposed and our consideration of the case is limited to that particular

issue. City of Shreveport v. Aaldrup, 198 La. 893, 5 So.2d 143; State Farm Mutual Auto. Ins. Co. v. Ott, 221 La. 1061, 61 So.2d 872 and Liquefied Petroleum Gas Comm. v. E. R. Kiper Gas Corporation, 229 La. 639, 86 So.2d 518.

■ The defendant contends that under the holding in the case of Lionel's Cigar Store v. McFarland, 162 La. 956, 111 So. 341, that he is not subject to the tax and fine because he is not in the business of buying and selling tobacco. This case was decided before the amendment of Title 47, Section 842(4) by Act 107 of 1952 which now defines a dealer to include "any person who imports cigars, cigarettes or smoking tobacco from any state or foreign country for distribution, sale, or consumption in the State of Louisiana." Under the plain provisions of the act as amended the defendant does not have to be in the business of buying and selling cigarettes in order to be liable for the tax and we know of no reason why the act should be unconstitutional because in defining dealer it includes any person who imports cigarettes for consumption or use. The tax is not an ad valorem tax and not subject to the provisions of Article 10, Section 1 and Section 3. It is an excise tax imposed upon the sale, use, and consumption of cigarettes, etc. There is no constitutional requirement that an excise tax or penalty for failure to pay such must be measured by the value of the property. Therefore, since the tax in question is an excise tax, it does not violate Article 10, Sections 1 and 3 since those sections apply only to property taxes which are taxes on an ad valorem method. The requirement of Article 10, Section 1 that all taxes be uniform applies to property taxes and not to license taxes. State ex rel. Porterie v. H. L. Hunt, Inc., 182 La. 1073, 162 So. 777, 103 A.L.R. 9; State v. Cusimano, 187 La. 269, 174 So. 352; State v. American Ry. Express Co., 159 La. 1001, 106 So. 544; Louisiana State Dept. of Agriculture v. Sibile, 207 La. 877, 22 So.2d 202. It was recognized in the case of Lionel's Cigar Store v. McFarland, supra, relied upon by the defendant that the tax on retail tobacco was not a property tax in violation of Section 3 of Article 10.

■ The defendant contends that the statute contains more than one object and that it contains an object not contained in its title. The statute does not contain more than one object. The fact that in defining a dealer it includes anyone who uses or consumes does not make it objectionable.

The contention of the defendant that the penalty is confiscatory, oppressive, arbitrary, and excessive is equally untenable. It is an excise tax on the use and consumption of tobacco and hence need not be measured by the value of the property.

For the reasons assigned, the judgment of the lower court is affirmed at appellant's cost.